UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD A. WHYNAUGHT,<br><br>                                        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                                        Defendant. | Case No.:  16cv01574 JAH-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENTAND GRANTING IN DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [Doc. Nos. 14, 15]** |

## INTRODUCTION

Plaintiff seeks review of the Social Security Commissioner's final decision denying benefits.  After a thorough review of the parties' submissions and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's cross-motion for summary judgment.

## BACKGROUND

Plaintiff was born on December 21, 1961 and was 52 years of age at the time of the hearing before the Administrative Law Judge ("ALJ").  AR[1] at 40, 176.  He initially alleged he had been unable to work since November 1, 2006, as a result of a disabling condition

---

[1] AR refers to the administrative record.

but amended the onset date to January 16, 2012 at the hearing.  *Id*. at 56, 176.  He filed an application for benefits on January 17, 2012 and an application for supplement security income on January 19, 2012.  *Id*.  at 175, 185.  The Commissioner denied the claims on August 9, 2012 and denied the claims again upon reconsideration.  *Id*. at 74 – 111.  Plaintiff requested a hearing and testified at the hearing on July 17, 2014.  *Id*. at 37, 132.  The ALJ issued an unfavorable decision on September 25, 2014.  *Id*. at 21.  Plaintiff filed a request for review of the ALJ's decision and the Appeals Council denied the request.  *Id*. at 1, 15.

Plaintiff, appearing through counsel, filed a complaint seeking review of the Commissioner's final decision denying benefits on June 21, 2016.  *See* Doc. No. 1. Defendant filed an answer and the administrative record on June 30, 2016.  *See* Doc. Nos. 11, 12.

Thereafter, Plaintiff filed the pending motion for summary judgment and Defendant filed an opposition and cross-motion for summary judgment.  *See* Doc. Nos. 14, 15, 16. Plaintiff filed a reply.  *See* Doc. No. 17.

## DISCUSSION

### I.  Legal Standards

### A.  Qualifying for Disability Benefits

To qualify for disability benefits under the Act, an applicant must show that: (1) he suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that he previously performed or any other substantially gainful employment that exists in the national economy.  *See* 42 U.S.C. § 423(d)(1)(A), 2(A).  An applicant must meet both requirements to be "disabled."  *Id*.

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920.  Step one determines whether the claimant is engaged in "substantial gainful activity."  If he is, disability benefits are denied.  20 C.F.R. §§ 404.1520(b),

416.920(b).  If he is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404 Appendix 1 to Subpart P.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If a condition "falls short of the [listing] criterion" a multiple factor analysis is appropriate.  *Celaya v. Halter,* 332 F.3d 1177, 1181 (9th Cir. 2003).  Of such analysis, "the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."  *Id.* at 1182 (quoting 42 U.S.C. § 423(d)(2)(B)).  If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work she has performed in the past.  If the claimant cannot perform his previous work, the fifth and final step of the process determines whether he is able to perform other work in the national economy considering his age, education, and work experience.  The claimant is entitled to disability benefits only if he is not able to perform other work.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**B.  Judicial Review of an ALJ's Decision**

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner.  42 U.S.C. § 405(g). The scope of judicial review is limited.  The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error."  *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (citing *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citing *Allen v. Secretary of Health and Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984)). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. *Id.* "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)).

## II.  The ALJ's Decision

In the present case, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 16, 2012 and has severe impairments, including spinal stenosis of the lumbar region with radiculopathy (left leg pain), disorder of the left hand, status post-surgery to the left thumb, and history of right ankle fracture and status post right ankle

surgery.   AR at 23.   The ALJ determined Plaintiff does not have an impairment or combination of impairments that meet or are medically equal in severity to one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1.  *Id*. at 25.

The ALJ found Plaintiff has a residual functional capacity

> to lift or carry no more than 20 pounds occasionally and 10 pounds frequently;  push or pull no more than 20 pounds occasionally and 10  pounds frequently; stand or walk for a total of 6 hours out of an 8-hour workday, with no prolonged walking greater than 30 minutes at a time with the  use of a cane; sit for a total of 6 hours out of an 8-hour workday, with the opportunity to stand and stretch, not to exceed 10% of the day; occasional handling and fingering with the left (nondominant) hand but without limit to the right (dominant) hand; no climbing ladders, ropes or scaffolds; no exposure to work hazards (e.g. unprotected heights, operating fast or dangerous machinery or driving commercial vehicles).

*Id*.  Additionally, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms not entirely credible because they were "not borne out in his description of his daily activities", the objective evidence does not support the degree alleged, Plaintiff had not received the type of medical treatment one would expect for a totally disabled individual, and the objective medical evidence showed Plaintiff's medications were relatively effective in controlling his symptoms.  *Id*. at 25, 26, 27.

The ALJ gave little weight to the opinion of treating physician Dr. Cynthia McKinney, some weight to the opinion of consulting physician Dr. Robert MacArthur and significant weight to the opinion of the State agency medical consultant assessment dated June 19, 2013.  *Id*. at 28.

The ALJ determined Plaintiff was unable to perform his past relevant work but there are jobs in the national economy in significant numbers that he can perform.  *Id*. 28, 29. Ultimately, the ALJ concluded Plaintiff has not been under a disability as defined by the Act from June 16, 2012.  *Id*. at 30.

## III.  Analysis

Plaintiff argues the ALJ erred in assessing the opinion of Plaintiff's treating physician Dr. Kinney.  "[A]s a general rule, more weight should be given to the opinion of

a treating source than to the opinion of doctors who do not treat the claimant." *Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).  Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).  Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record. *Id.*  The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Secretary of Health and Human Services*, 881 F.2d 747, 751 (9th Cir. 1989).  Where the opinion of the claimant's treating physician is contradicted, and the opinion of a non-treating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the non-treating source may itself be substantial evidence. *Andrews*, 53 F.3d at 1041.  In addition, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

Plaintiff contends the ALJ's presents four reasons for rejecting his treating doctor's opinion: (1) the opinion is unsubstantiated by objective signs, (2) the opinion is inconsistent with the course of treatment. (3) the opinion is undermined by Plaintiff's daily activities and (4) the opinion is inconsistent with the opinion of the consultative examiner Dr. Robert MacArthur.

Plaintiff argues the ALJ's assertion that his treating doctor's opinion is not substantiated by objective signs is false and has been rejected by the Ninth Circuit.  He further argues the ALJ's determination that the opinion is inconsistent is not applicable here because the records demonstrate he received numerous epidural steroid injections during the period under consideration, he takes Vicodin and Morphine and, even though, he was deemed not a surgical candidate, he was evaluated for surgical intervention due to

1  his pain.  Plaintiff maintains this is not conservative treatment and contends the ALJ's

2  rejection is premised on the ALJ's lay opinion as to what constitutes conservative treatment

3  which is not supported by any medical opinion.

4      Plaintiff maintains Dr. McKinney limited him to sitting two hours total, twenty

5  minutes at a time, and stated that he requires the ability to shift positions every thirty

6  minutes.  He maintains these limitations are consistent with his ability to ride a scooter to

7  go shopping and to the doctor's office and his ability to help his friend as a handyman.

8      Even assuming Dr. MacArthur's opinion constitutes substantial evidence, Plaintiff

9  argues, the ALJ's articulated reasons fall short of specific and legitimate.   Plaintiff

10  maintains the Court should credit Dr. McKinney's opinion as true and find Plaintiff

11  disabled.   He maintains the record is fully developed and further administrative

12  proceedings would be futile.

13      In opposition, Defendant argues the ALJ properly assessed Dr. McKinney's opinion.

14  Specifically, Defendant argues the ALJ properly discounted the opinion because it

15  conflicted with the medical evidence, including Dr. McKinney's own notes in which she

16  writes that Plaintiff's symptoms were stable or controlled by medication.  In addition,

17  Defendant maintains much of Dr. McKinney's care consisted of providing Plaintiff with

18  refills of his medication.

19      Defendant also argues Plaintiff's ability to work part-time as a handyman for his

20  friend and others conflicted with Dr. McKinney's opinion.   Additionally, Defendant

21  maintains Dr. MacArthur opined that Plaintiff was capable of performing a range of

22  medium work and Dr. N. Tsoulos, a State agency physician, reviewed Plaintiff's records

23  and opined that he was capable of performing a range of light work. Defendant contends

24  these opinions constitute substantial evidence, and the ALJ was entitled to rely on them.

25      In reply, Plaintiff argues Defendant's cherry picking of the record is not germane to

26  the disposition of this case.

27      In the written decision, the ALJ gave little weight to Dr. McKinney's opinion

28  because the functional limits of the opinion were too extreme and unsubstantiated by

objective signs and symptoms from treating records and were inconsistent with the course of treatment for chronic pain.  The ALJ maintained that Plaintiff's treatment, aside from the surgeries to his left thumb, were conservative.  The ALJ further maintained the limits provided by Dr. McKinney were undermined by Plaintiff's daily activities, and specifically pointed to his ability to ride a scooter to shop and make doctor appointments as well as his demonstrated reliability as a handyman. The ALJ also found the opinion was inconsistent with the findings and opinions of Dr. MacArthur, who determined Plaintiff could do a significant range of medium exertional work after performing an evaluation of Plaintiff.

As required, the ALJ provided a detailed and thorough summary of the facts and evidence and an interpretation of the evidence to support the findings.   Plaintiff demonstrates the ALJ's determination that Plaintiff's treatment was conservative is not a legitimate reason to support rejecting his treating doctor's opinion.[2]  However, the ALJ's remaining reasons for rejecting the opinion are supported by evidence of record.  Plaintiff disagrees with the ALJ's interpretation and findings and points to evidence he believes supports his doctor's opinion.  Where, as here, the evidence is open to more than one rational interpretation and the ALJ's findings are supported by substantial evidence, the ALJ's decision must be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. The joint motion for a decision (Doc. No. 21) is GRANTED;

2. Plaintiff's motion for summary judgment (Doc. No. 14) is DENIED;

3. Defendant's cross-motion for summary judgment (Doc. No. 15) is GRANTED;

//

//

---

[2] Plaintiff cites cases in which the court finds similar treatment that he received was not properly described as conservative, including, *Christie v. Astrue*, 2011 WL 4368189, at *4 (C.D. Cal. 2011) *Yang v. Barnhart*, 2006 WL 3694857, *4 (C.D. Cal. 2006).

16cv01574 JAH-NLS

4. The Clerk of Court shall enter judgment accordingly.

DATED:     November 19, 2020

JOHN A. HOUSTON
United States District Judge

9

16cv01574 JAH-NLS